IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01912-BNB

DAVID J. SMITH,

    Plaintiff,

v.

KIMBERLY MARKELL (D.P.D.), Den., Colo.,
DEBORAH PAULSON (C.B.I., D.O.C., P.O., I.G.),
CAPT. FISHER (D.R.D.C. Officer, Crew), etc.,
LIEUTENANT SHAFFER (D.O.C. Officer), etc.,
SHERIFFS RUFF and SANCHEZ (Pueblo County),
DISTRICT ATTORNEY DICK DICKERSON, Pueblo, CO,
PUBLIC DEFENDER PAUL BRADFISH, Pueblo, CO, and
SAN CARLOS C.O. DEHERRERA, etc.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 28 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, David J. Smith, appears to be a pretrial detainee who currently is incarcerated at the Pueblo County, Colorado, Detention Center. He has filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for money damages and for habeas corpus relief, i.e., for the dismissal of the charges pending against him. In addition he has filed two letters, one to the clerk of this Court and one to the Office of the Inspector General.

To the extent Mr. Smith seeks habeas corpus relief, his claims must be asserted in a habeas corpus action after exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action. Mr. Smith has been granted leave to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

The Court must construe the amended complaint liberally because Mr. Smith is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be ordered to file a second amended complaint.

Mr. Smith's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The amended complaint is rambling and verbose. Mr. Smith fails to name each defendant he intends to sue in the caption to the amended complaint. He fails to assert what, if any, of his civil rights have been violated or the personal participation of each defendant in the alleged constitutional violations.

The second amended complaint Mr. Smith will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that

a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Smith asserts three claims in his amended complaint. It is not clear to the Court whether he is attempting to assert additional claims in the letters he has filed. Rather than summarizing each claim succinctly, Mr. Smith apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Smith's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Smith must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Smith "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Smith must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Smith may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Smith uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Smith should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Finally, Mr. Smith must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Smith should review his claims carefully to

ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Smith file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Smith, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Smith submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Smith fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED September 28, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01912-BNB

David J. Smith
Prisoner No. 241301
Pueblo County Det. Ctr
909 Court St
Pueblo, CO 81003

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/28/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk