IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01912-BNB

DAVID J. SMITH,

    Plaintiff,

v.

KIMBERLY MARKELL, (D.P.D.), Den., CO,
DEBORAH PAULSON, C.S.I., D.O.C., P.O.I.G.,
CAPT. FISHER & CREW, (D.R.D.C. Corr. Officers), etc.,
LT. SHOEFFER, (D.O.C. Corr. Officer), etc.,
C. O. DEHERRERA (San Carlos C.O.), etc.,
SHERIFFS RUFF & SANCHEZ (Pueblo Co. Jail),
DISTRICT ATTORNEY DICK DICKERSON (Pueblo, CO), and
PUBLIC DEFENDER PAUL BRADFISH (Pueblo, CO),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 10 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, David J. Smith, currently is incarcerated at the Pueblo County, Colorado, detention center. He filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for money damages and habeas corpus relief, i.e., for the dismissal of the charges pending against him. Mr. Smith was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

On September 28, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Smith to file within thirty days a second amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; that named each Defendant he intended to sue in the caption to the second amended complaint; that

asserted what, if any, of his constitutional rights have been violated; that alleged each Defendant's personal participation in the alleged constitutional violations; and that did not assert habeas corpus claims. Magistrate Judge Boland informed Mr. Smith that to the extent he sought habeas corpus relief, his claims must be asserted in a separate habeas corpus action after exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).

On October 22, 2007, Mr. Smith filed a second amended complaint for money damages. The Court must construe the second amended complaint liberally because Mr. Smith is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint will be dismissed.

Mr. Smith's second amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Smith again fails to name each Defendant he intends to sue in the caption to the second amended complaint. Like the amended complaint, the second amended complaint is rambling and verbose. It is not clear whether Mr. Smith is a pretrial detainee or a parole violator. As his first claim, Mr. Smith alleges that he was subjected to excessive force upon his arrest on August 28, 2002. His second claim contains confusing allegations about a conspiracy to "deny my pre-arranged," second amended complaint at 5. Claim three makes additional conspiracy claims that are equally as confusing, as well as vague and conclusory claims about his conditions of confinement and apparently the failure to provide him with medical treatment after his 2002 arrest. He fails to assert facts

2

concerning the personal participation of each Defendant in the alleged constitutional violations.

In the September 28, 2007, order for an amended complaint, Magistrate Judge Boland informed Mr. Smith that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). He explained that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He further explained that Rule 8(a) specifically provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." He pointed out that the philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." He warned that, taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Nonetheless, Mr. Smith has failed to summarize each claim succinctly. Instead, he makes vague and conclusory allegations, and apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been

3

violated. As Magistrate Judge Boland informed Mr. Smith in the September 28, 2007, order, that is not the Court's job. It is Mr. Smith's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the Defendants nor the Court is required to do this work for him. Mr. Smith must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. Magistrate Judge Boland warned Mr. Smith in the September 28 order that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that it must be dismissed. Accordingly, it is

ORDERED that the second amended complaint is dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of

Civil Procedure and for failure to comply with the directives of the September 28, 2007, order for an amended complaint.

DATED at Denver, Colorado, this 5 day of December, 2007.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01912-BNB

David J. Smith
Prisoner No. 241301
Pueblo County Det. Ctr
909 Court St
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/10/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk